UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PATRICK JOHN KUSTERMANN, II,

Plaintiff,

v.

WELLS FARGO, N.A.,
a CA corporation,

Defendant.

Civil No. 05-1383 (MJD/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit." (Docket No. 2.) Plaintiff is seeking permission to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff is attempting to sue Defendant Wells Fargo N.A. for allegedly "chang[ing] their mind" about allowing Plaintiff to open a bank account at one of Defendant's banks. The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

"On 07-09-2005 Petitioner met with 'Personal Banker' Jason R. Blume at the offices of Wells Fargo listed on complaint. Petitioner was advised due to a

'CHEX SYSTEMS' report. Petitioner could open an account. Petitioner gave/deposited $100.00 cash & was issued a check book and an online account. Petitioner who [is] on SSI/SSDI walked into the branch on 07-12-2005 to make a with-draw. Petitioner'[s] check book was taken by 'Jason Blume' and I was advised the Bank changed their mind based on the CHEX report they had when the account was opened. Defendant humiliated def/Petitioner and refused to return the $100.00 deposit and the check book."

The complaint does not provide any further information about the factual or legal basis for Plaintiff's claims, or the relief he is seeking.

## II. DISCUSSION

Whenever it becomes apparent that a court lacks subject matter jurisdiction in a particular case, the court, acting on its own initiative if necessary, must dismiss the action. Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action") (emphasis added). See also Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) ("where jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte"), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). In this case, Plaintiff has not identified any grounds that would allow a federal district court to exercise subject matter jurisdiction over his claims, and, after carefully examining the complaint, it is evident to the Court that no such grounds exist here.

The Court initially notes that there is nothing in Plaintiff's complaint to suggest that subject matter jurisdiction exists under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations showing that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. To the contrary, it appears that Plaintiff's claims are based solely on some state common law theory – evidently breach of contract and/or some

2

form of tort, (perhaps defamation or intentional causing of emotional distress). This means that subject matter jurisdiction can exist only under the "diversity of citizenship" statute, 28 U.S.C. § 1332.

Diversity jurisdiction exists under § 1332 only when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In this case, it appears from Plaintiff's submissions that he is a resident of Minnesota, and that Defendant is a California resident. Thus, the Court will assume, for now, that Plaintiff and Defendant are "citizens of different states," for purposes of determining whether diversity of citizenship exists under § 1332.[1]

However, the Court finds that the § 1332 "amount in controversy" requirement is <u>not</u> satisfied in this case. In order to meet the amount in controversy requirement, a plaintiff must allege facts in his complaint, which show that his damages, if proven, will exceed the jurisdictional minimum of $75,000. <u>See</u> Fed. R. Civ. P. 8(a) (a pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"). Although the amount of damages demanded in a plaintiff's pleading will normally determine whether the amount in controversy requirement is satisfied, the demand of the complaint is not conclusive in every case. Regardless of how much money the plaintiff is requesting, federal courts can -- and should -- refuse to entertain diversity cases where it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" <u>Larkin v. Brown</u>, 41 F.3d 387, 388 (8th Cir. 1994), quoting <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 289

---

[1] Needless to say, the Court is not making any specific finding as to whether Defendant actually is, or is not, a Minnesota resident.

(1938). See also, Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) ("[t]he complaint will be dismissed if it appears 'to a legal certainty' that the value of the claim is actually less than the required amount"); Vol. 15, Moore's Federal Practice, 3rd Ed., ¶ 102.106[1].

In this case, Plaintiff has not even alleged that the amount in controversy exceeds the $75,000 threshold imposed by § 1332. Therefore, the Complaint, on its face, fails to satisfy the jurisdictional amount in controversy requirement. Furthermore, Plaintiff has not alleged any facts that would support a damage award of anything close to $75,000. Indeed, the complaint suggests that Plaintiff's damages claim is limited to, at most, $100, (namely the amount he allegedly lost when his bank account allegedly was terminated). Because there are no factual allegations suggesting that Plaintiff could possibly recover a damage award even close to $75,000, the Court finds, to a legal certainty, that Plaintiff cannot satisfy the § 1332 amount in controversy requirement.[2]

### III. CONCLUSION

For the reasons discussed above, the Court concludes that subject matter jurisdiction does not exist in this case under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be

---

[2] Although Plaintiff claims that he was "humiliated" by Defendant's allegedly wrongful termination of his bank account, there are no allegations suggesting that he would be entitled to any significant compensation on that claim. There are no factual allegations suggesting that anyone else even knew that the bank account was terminated, so there is no reason to believe that Plaintiff suffered any public embarrassment or injury to his reputation. Nor are there any allegations suggesting that Plaintiff suffered any demonstrable psychological harm as a result of Defendant's alleged misdeeds. Furthermore, even if Plaintiff had included such allegations in his complaint, there is no reason to believe that a judge or jury would award him more than $75,000 to compensate him for his alleged "humiliation."

denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction.

### IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2. The action be summarily DISMISSED for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated: July 19, 2005

s/Jonathan Lebedoff

JONATHAN LEBEDOFF
Chief Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 5, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.